**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Case No. 25-cr-20348-TLP** |
| | * | |
| **MARQUIS DAVIS,** | * | |
| | * | |
| **Defendant.** | * | |

**DEFENDANT'S POSITION REGARDING**
**PRESENTENCING INVESTIGATION REPORT**

Defendant Marquis Davis, through counsel, provides his position regarding the draft Presentence Investigation Report ("PSR"). On July 8, 2026, United States Probation prepared the PSR. Mr. Davis and defense counsel have reviewed the PSR together. Mr. Davis has no objections to the factual assertions in the PSR. Mr. Davis has no objections to the PSR's guidelines calculation. Defense counsel will address the 18 U.S.C. § 3553(a) factors at the sentencing hearing and recommend a sentence within the applicable guidelines range. The hearing should last no more than 90 minutes.

**Restitution**

The PSR also states that the victim in this matter ("S.J.") is seeking restitution. (*See* PSR, ¶ 20). As a general proposition, the defense fully agrees that S.J. is entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. But defense counsel also observes that some aspects of S.J.'s request appear to fall outside the scope of the MVRA.

The MVRA provides, in relevant part, that when a defendant has been convicted of "a crime of violence" within the meaning of 18 U.S.C. § 16, the district court "shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1) & (c)(1). The present action falls comfortably within these preamble terms. Hobbs Act robbery is a "crime of violence" as defined. *See* 18 U.S.C. § 16; *see also, e.g.*, *United States v. Buchanan*, Nos. 22-3301/3697, 2023 WL 5352223, at *8 (6th Cir. Aug. 21, 2023) ("Buchanan's Hobbs Act Robbery conviction implicated the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A."). S.J. also qualifies as a "victim" because she was "a person directly and proximately harmed as a result of the commission of [the] offense." 18 U.S.C. § 3663A(a)(2).

But the MVRA goes on to enumerate specific categories of covered loss. The MVRA provides that in the "case of an offense resulting in bodily injury to a victim," the district court shall order that the defendant:

> (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
>
> (C) reimburse the victim for income lost by such victim as a result of such offense[.]

18 U.S.C. § 3663A(b)(2). These enumerated provisions are significant. "'Because federal courts have no inherent power to award restitution,' restitution orders are proper 'only when and to the extent authorized by statute.'" *United States v. Church*, 731 F.3d 530, 535 (6th Cir. 2013) (quoting *United States v. Evers*, 669 F.3d 645, 655–656 (6th Cir. 2012)).

While some aspects of S.J.'s restitution claim fall within the scope of the MVRA, others do not. The PSR first asserts that S.J. should receive **$220,343.24** for the "total known medical expenses to date." (PSR, ¶ 20). This aspect of S.J.'s request falls comfortably within the MVRA's provision requiring restitution for the cost of medical services and rehabilitation.

S.J.'s remaining claims are less straightforward. The PSR asserts that S.J. should receive an additional **$70,000** in restitution. S.J. states that:

> At the time of the incident, I was enrolled in school and carrying approximately $70,000 in educational loan obligations. The injuries I sustained on October 31, 2025, forced me to stop attending school and interrupted my educational progress. I have been unable to continue my education as a result of my injuries. These loans continue to accrue while I am unable to . . . attend school due to the defendant's conduct.

(PSR, ¶ 20, under heading for "Educational Loan Obligations"). Given this description, it appears that S.J. is seeking $70,000 for "consequential damages" that are outside the MVRA's purview. "Consequential damages are 'losses that do not flow directly and immediately from an injurious act but that result indirectly from the act.'" *United States v. Bogart*, 490 F. Supp. 2d 885, 894 (S.D. Ohio 2007) (citing Black's Law Dictionary (8th ed. 2004); *Rain & Hail Ins. Service, Inc. v. Federal Crop Ins. Corp.*, 426 F.3d 976, 980-81 (8th Cir. 2005)). Examples of "consequential damages" may include "lost use of money" or "lost profits" or "loss of an asset" that was previously under the person's possession or control. *Firwood Mfg. Co., Inc. v. General Tire, Inc.*, 96 F.3d 163, 170-71 (6th Cir. 1996); *Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir. 2000). And "[w]hile the Sixth Circuit has not yet specifically addressed the issue," *Bogart*, 490 F. Supp. 2d at 894, the federal courts that have addressed the question "have interpreted the MVRA as not allowing recovery for consequential damages." *United States v. Wilfong*, 551 F.3d 1182, 1186 (10th Cir. 2008); *see also Bogart*, 490 F. Supp. 2d at 894 (citing collected cases). "Although the MVRA allows recovery of losses actually caused by the defendant's offense, it does not allow

recovery of consequential or incidental damages." 24 C.J.S. Criminal Procedure and Rights of Accused § 2508 (updated April 2026).

The PSR further asserts that S.J. is entitled to **$50,000** in restitution for money expended by S.J.'s friend. S.J. states that "[a] friend has covered approximately $50,000 in living expenses on my behalf since the incident. These funds were provided because I was left without income as a direct result of being shot by the defendant." (PSR, ¶ 20, under heading for Living Expenses Covered by Third Party). The PSR describes this aspect of S.J.'s request as encompassing "[l]iving expenses of approximately $50,000 paid by [a] third party on victim's behalf due to [her] inability to work." (*Id.*, final passage in ¶ 20).

This aspect of S.J.'s request is in tension with the MVRA. To the extent S.J. is seeking restitution on behalf of her friend (*i.e.*, the person who is actually out of pocket $50,000), the friend does not qualify as a "victim" within the meaning of the MVRA. *Cf. United States v. Patton*, 651 Fed. Appx. 423, 426 (6th Cir. 2016) ("Plainly, the statute covers lost wages for the person who suffered bodily injury. But as two other circuits have held, the statute forecloses lost-wages reimbursement for family members who suffered no bodily injury."). Furthermore, to the extent S.J. is asserting that she suffered "lost income" and that her friend effectively "reimbursed" her for her loss, the MVRA would provide, at best, an order of restitution *benefiting S.J.'s friend*. By its plain terms, the MVRA provides that "[i]f a victim has received compensation from insurance *or any other source* with respect to a loss, the court shall order that restitution be paid *to the person who provided . . . the compensation*." 18 U.S.C. § 3664(j)(1) (emphasis added). At least one circuit has held that, under this language, "where a third party has assumed the victim's losses by reimbursing the victim, the court must order a defendant to pay restitution *directly to that third party*." *United States v. Thompson*, 792 F.3d 273, 278 (2d Cir. 2015) (emphasis added).

Under these circumstances, S.J. might prefer to forego her $50,000 claim involving her friend (*i.e.*, a third party) and request – more directly – recovery of her own "lost income." S.J. has previously stated that she may provide the "total amount of lost income . . . upon request." (PSR, ¶ 20). That may be the better approach under the MVRA's plain language allowing restitution for "income lost" by the "victim" of the offense. 18 U.S.C. § 3663A(b)(2).

Respectfully submitted,

TYRONE J. PAYLOR
FEDERAL DEFENDER

*s/ Unam Peter Oh*
Assistant Federal Defender
200 Jefferson Ave., Suite 200
Memphis, TN 38103
(901) 544-3895

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was forwarded via the Court's electronic filing system to Jermal Blanchard, Assistant United States Attorney, 167 North Main, Suite 800, Memphis, Tennessee 38103.

This 25th day of August, 2026.

*s/ Unam Peter Oh*
Assistant Federal Defender